```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| STEPHEN STOUTE,            )<br>          Plaintiff,      )<br>                           )   CIVIL ACTION<br>     v.                    )   NO. 19-11261-WGY<br>                           )<br>CITY OF EVERETT, et al.,   )<br>          Defendants.     )<br>                           ) | |

YOUNG, D.J.                                                    July 16, 2019

**MEMORANDUM AND ORDER**

On June 6, 2019, pro se plaintiff Stephen Stoute, a resident of East Boston, filed a civil rights complaint naming as defendants the City of Everett; the Chief of Police and several police officers for the Everett Police Department; the Registrar for the Massachusetts Registry of Motor Vehicles; a clerk-magistrate for the Malden District Court; and the City of Malden. See Docket No. 1. Plaintiff alleges violation of 18 U.S.C. § 241 (conspiracy against rights), as well as violations of his constitutional rights. Id.

With the complaint, Stoute filed a motion for leave to proceed in forma pauperis. See Docket No. 2. On June 19, 2019, he filed a motion to appoint counsel. See Docket No. 3.

**I.   Relevant Background**

The following facts are based on the allegations in the complaint and are assumed to be true for purposes of this decision. On June 8, 2018, plaintiff was driving on Revere Beach Parkway. An Everett police officer began to follow plaintiff, and after pulling

over asked plaintiff "What did you hide?" When plaintiff asked what was wrong, the police officer claimed that plaintiff ran a red light. The officer had his hand on his gun when he asked plaintiff for his license and registration. Out of concern for his safety, plaintiff provided the officer with his license and registration. A second officer arrived. Despite plaintiff's objections, his car was searched. Additional officers arrived and, while laughing, informed plaintiff that they did not need a warrant to search his car. Nothing was found in plaintiff's car and the officer issued a citation for running a red light.

Plaintiff subsequently filed a complaint with the civil rights division of the Massachusetts Attorney General's office. As of December 2018, the Attorney General had not taken any action on plaintiff's complaint.

On September 6, 2018, plaintiff appeared before Magistrate Judge Hogan at the Malden District Court concerning the June 10, 2018 citation. Plaintiff alleges that Hogan advised plaintiff that he is charged with running a stop light but that he failed to state whether the proceeding was civil or criminal. Lt. Ditrapano appeared at the hearing and stated that he represented the Everett Police Department. Hogan and Ditrapano laughed at plaintiff and Hogan refused to provide his full name to plaintiff. Plaintiff argued that the citation was defective because the issuing officer's name was missing from the citation. Plaintiff argued that there was no injured party. Hogan

told plaintiff that he has 20 days to pay the citation or lose the right to operate a motor vehicle.

Plaintiff eventually paid the $105 Everett citation.

A few months later, on November 29, 2018, plaintiff was driving in Andover with his interior lights on in order to read a map. A police officer began to follow plaintiff and put on his flasher. Plaintiff pulled over. After 15 minutes, the police officer approached plaintiff's car. The officer had his hand on his gun, and out of concern of life, plaintiff was forced to do business with the officer. The officer took plaintiff's license and registration to the police cruiser. When the officer returned, he issued a citation for driving with a suspended license. Plaintiff was not permitted to drive his car and was left stranded in Andover. Plaintiff later recovered his car from Andover.

In an effort to have his RMV record corrected, plaintiff appeared at the Boston RMV office. The RMV clerk refused to provide plaintiff with her full name. In addition to having to pay the $55 late fee for the June 10, 2018 Everett citation, the clerk informed plaintiff that, because he was late in paying the Everett citation, he would also have to pay $100 to have his license reinstated.

Plaintiff complains that the actions of the RMV caused plaintiff to be deprived of his liberty, right to travel freely and unhindered and subjected to false arrest and stranded in Andover. Plaintiff contends that he is unable to pay his insurance premium which subsequently "sky rocketed."

**II. Motion for Leave to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915, a person seeking to proceed in forma pauperis must submit an affidavit that includes "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Stoute filed this statement using a form application provided by the Court. See Docket No. 2.

The date on Stoute's application includes the month and year, but not the day that Stoute signed the application. Stoute indicates that he is unemployed, but he fails to disclose the date of his last employment, the amount of his salary or wages and the name and address of his last employer. Despite these failures, Stoute discloses that he owns no property and has $13.00. On this financial record, the court concludes that Stoute has shown that he is without assets to pay the filing fee. Accordingly, his application is allowed.

**III. Screening of the Complaint**

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the complaint, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court accepts well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555. "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008).  Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A pro se plaintiff such as Stoute is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

[5]

## IV. Plaintiff's Complaint is Subject to Dismissal

The federal criminal statute referenced in the complaint, 18 U.S.C. § 241, does not confer a private right of action. See Bailey v. Bureau of Prisons, 2015 WL 5694120 (D.D.C. Sept. 28, 2015) (18 U.S.C. §§ 241, 242 and others do not confer a private right of action). As a private citizen, Stoute cannot bring a criminal action pursuant to Section 241 and such claim is subject to dismissal.

Although the plaintiff does not invoke 42 U.S.C. § 1983, the court liberally construes the pro se complaint as asserting a claim under 42 U.S.C. § 1983. Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citing Rehberg v. Paulk, 566 U.S. 356, 360 (2012)).

The facts as alleged in the complaint fail to state a Section 1983 claim against the defendant police officers. The Fourth Amendment, which applies to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures by law enforcement officers. Mapp v. Ohio, 367 U.S. 643, 655 (1961). Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of this provision. See Delaware v. Prouse, 440 U.S. 648, 653 (1979). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810

(1996). Although Stoute alleges that he did not run a red light, the factual allegations are insufficient to establish that any of the defendant police officers violated his rights under the Fourth Amendment.

Similarly, the complaint fails to state a claim against the City of Everett and the City of Andover. For an official capacity claim against the City of Everett or the City of Andover, the question is whether the City itself violated the plaintiff's constitutional rights. A municipality may be found liable under Section 1983 only if the violation of the plaintiff's rights is attributable to a municipal policy or custom. Monell v. Dep't. of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)). Therefore, a viable Section 1983 claim must show (1) a violation of a protected right, and (2) the violation was attributable to a policy or custom of the City of Salem. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Here, the complaint fails to reference a policy or custom by either city to support a Section 1983 claim. Plaintiff's complaint fails to allege that any deprivation of his rights was attributable to a policy or custom of either city. Absent such claim, there is no support for a Section 1983 claim. Therefore, as to the City of Everett and the City of Andover, the claims are subject to dismissal.

To the extent Stoute seeks monetary damages and injunctive relief from the Registrar and/or Magistrate Judge by having "the charges removed from [his] driving record," he cannot do so because "the Eleventh Amendment bars suits for money damages that are brought

by citizens in federal courts against any state, including 'official capacity' suits against state officials." Hootstein v. Colins, 670 F. Supp 2d 110, 113 (D. Mass 2009). To the extent Stoute seeks the removal of certain charges from his driving record, the complaint fails to contain sufficient factual allegations to support any claim for injunctive relief. To the extent the complaint seeks a judgment from this court reversing the judgment of the Malden District Court, this court does not have jurisdiction over a claim seeking such relief. See Rago v. Samaroo, 344 F. Supp. 2d 309, 313-14 (D. Mass 2004) (lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions according to the Rooker-Feldman doctrine). This is so even if the claim is based on an allegation that the state court's action was unconstitutional. See id. at 314 (citing cases).

**V. Plaintiff May File an Amended Complaint**

Even construed liberally, Stoute's complaint fails to state a claim upon which relief may be granted. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that Stoute is proceeding pro se, and to the extent he wishes to proceed, he will be granted an opportunity to file an amended complaint that sets forth plausible claims upon which relief may be granted.

Any amended complaint will completely replace, not supplement, the original complaint. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (an amended complaint completely replaces the

original complaint).  Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.  If an amended complaint is filed, it will be further screened.

Accordingly, the Court hereby ORDERS:

1. Plaintiff's motion (Docket No. 2) for leave to proceed <u>in forma pauperis</u> is allowed.

2. Plaintiff's motion (Docket No. 5) to appoint counsel is denied without prejudice.

3. If Stoute wishes to proceed with this action, he must file, within 21 days of the date of this Memorandum and Order, an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted.  Failure to do so will result in the dismissal of this action.

4. No summons shall issue pending further order of the court.

**SO ORDERED.**

                                         <u>/s/ William G. Young</u>
                                         WILLIAM G. YOUNG
                                         UNITED STATES DISTRICT JUDGE